**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Eugene WESTROPE, John Jetter, Loretta Jetter, and Joe Alday, Defendants,**

**Nathan Overstreet, Jr., Defendant-Appellant.**

**No. 83–7259.**

United States Court of Appeals, Eleventh Circuit.

April 23, 1984.

Marc E. Bradley, Fairhope, Ala., for Overstreet.

Robert G. Kendall, Mobile, Ala., for Jetter.

David F. Daniell, Mobile, Ala., for Westrope.

Robert M. Girardeau, Birmingham, Ala., for plaintiff-appellee.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

In this declaratory judgment action, we examine whether the district court erred in denying Nathan Overstreet's motion to compel Eugene Westrope to submit to further deposition. The district court improperly ruled upon Overstreet's motion. We therefore reverse the district court's grant of summary judgment for Commercial Union Insurance Company (Commercial Union) and remand to the district court for a proper ruling on the discovery question.

### Background

On April 18, 1979, Nathan Overstreet, a union hall employee, was injured while working for Delta Painters, Inc. Overstreet filed suit in the Circuit Court of Washington County, Alabama, against Westrope, the superintendent of the Delta Painter's job site where Overstreet was injured, and various other defendants. Commercial Union, the liability insurer for Delta Painters, defended Westrope in the tort action, but indicated to Westrope that the assumption of the defense was not a waiver of its right to later deny coverage under the liability insurance policy. The relevant section of the policy states that those insured include any executive officer while acting within the scope of his duties. Commercial Union advised Westrope that he had no coverage under the Delta policy because Commercial Union did not view him as an executive officer.

In a separate suit, Commercial Union instituted a declaratory judgment action seeking a declaration that Westrope was not covered as an executive officer under the liability policy. Subsequently, Commercial Union amended its complaint by adding Nathan Overstreet as a party defendant. Westrope alleged that (1) Commercial Union was estopped from denying coverage at the time it filed its lawsuit and (2) that he was in fact provided coverage by the policy at the time of Overstreet's injury.

On January 26, 1983, during his deposition, Westrope refused to answer a question posed by Overstreet's lawyer regarding his responsibility for job site safety and his authority to handle safety complaints. Westrope's lawyer advised him not to answer the question because the lawyer felt the question was irrelevant to this particular coverage action.

On February 4, 1983, Commercial Union filed a motion for summary judgment. Commercial Union alleged that no genuine issue existed as to any material fact and that it was entitled to judgment as a matter of law. It contended that Westrope was not an executive officer of Delta Painters and thus, was not entitled to coverage. Additionally, Commercial Union stressed that it had not waived, nor was it estopped from asserting its rights under the policy.

On February 16, 1983, Westrope filed with the district court a motion asking the court to enter a consent judgment declaring that he had no coverage under the liability insurance policy. The district court, that same day, signed a consent judgment in favor of Commercial Union declaring that Westrope was not covered by the liability insurance policy issued to Delta Painters.

On February 18, 1983, lawyers for Commercial Union attended a pretrial hearing in which a consolidated pretrial on both the coverage issue and Overstreet's liability claim were held.

On March 8, 1983, Overstreet filed a motion requesting the district court to or-

der Westrope to answer the question which he did not answer at the earlier deposition and other questions. In the motion to compel party to submit to deposition, Overstreet asked the court to enter an order compelling Westrope to submit to additional questioning regarding his job responsibilities and activities. Overstreet contends these questions are relevant to the declaratory judgment action filed by Commercial Union because the answers to those questions could reveal facts showing that Westrope was an executive officer of Delta Painters, and was covered under the liability insurance policy. On March 21, 1983, the district court denied Overstreet's motion to compel Westrope to submit to further deposition.[1] The magistrate stated that the proposed deposition testimony was irrelevant since the district judge had earlier executed a consent judgment declaring that Westrope was not entitled to coverage.

On March 30, 1983, the district court entered an order granting Commercial Union's motion for summary judgment in its declaratory judgment action against all remaining defendants, and entered a final judgment declaring that Westrope had no coverage under Delta Painters' liability insurance policy. After reviewing Commercial Union's motion for summary judgment, supporting affidavits, memorandum of law, supplemental argument with reference to the deposition, and the agreed facts in the pretrial order, the district court concluded that Westrope was not an executive officer. The court considered the nature of Westrope's duties, the form of his remuneration, and the absence of the types of authority generally held by an officer of a corporation in making the determination.[2]

Overstreet appeals arguing that the district court incorrectly ruled on his motion to compel Westrope to submit to further deposition. The parties extensively analyzed in their briefs the question of whether Westrope was an executive officer of Delta Painters.

Discussion

Federal Rule of Civil Procedure 37(a)(2) states that "if a deponent fails to answer a question propounded or submitted under rules 30 or 31 ... the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." The district court denied Overstreet's motion to compel Westrope to submit to further deposition, stating that the proposed deposition testimony was irrelevant because the court had earlier executed a consent judgment declaring that Westrope was not entitled to coverage. Nine days after this ruling, the district court entered an order granting Commercial Union's motion for summary judgment and entered a final judgment declaring that Westrope had no coverage under the liability insurance policy.

Case law states that a motion to compel discovery is committed to the discretion of the trial court, and the function of this court is to determine whether the trial court abused its discretion in entering the challenged order. *Zerilli v. Smith*, 656 F.2d 705, 710 (D.C.Cir.1981); *Montecatini Edison S.P.A. v. E.I. Dupont De Nemours & Co.*, 434 F.2d 70, 72 (3d Cir.1970). "The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." *Hastings v. N.E. Independent School District*, 615 F.2d 628, 631 (5th Cir.1980).

---

1. The March 21 order denying Overstreet's motion was entered by a magistrate. The record does not show the date the district court adopted the magistrate's order. Perhaps the timing of activities in the case resulted in the district judge never seeing the motion nor the United States Magistrate's ruling. The acts of the magistrate are accountable to the judge.

2. Westrope was deposed on January 26, 1983. Commercial Union's motion for summary judgment was filed on February 4, 1983, and was granted on March 30, 1983. Though the deposition was not actually filed before the district court until April 22, 1983, it is clear, based upon the district court's March 30 order, that the court was provided with portions from the deposition before it granted summary judgment in favor of Commercial Union.

■ The district court denied Overstreet's motion to compel further deposition upon its belief that the proposed deposition testimony was no longer relevant. A district court may deny a motion to compel further deposition questioning when the court determines that the questions are irrelevant. *Fowkes v. Dravo Corp.*, 7 F.R.D. 291 (E.D.Pa.1947). The problem with the district court's decision in this case is that it never reviewed the proposed questions before denying Overstreet's motion. The denial of the motion was based not upon the belief that the questions were irrelevant, but upon the fact that an earlier consent judgment now rendered further deposition testimony irrelevant. The district court (through its magistrate) abused its discretion in denying Overstreet's motion to compel further deposition based solely on the fact that Commercial Union and Westrope had earlier entered into a consent judgment.

In denying Overstreet's motion to compel further deposition, the district court did not focus on the fact that Westrope was but one of the defendants in the declaratory judgment action. Even though Westrope and Commercial Union entered into a consent judgment where Westrope admitted he was not an executive officer, other defendants, one being Overstreet, remained as parties in Commercial Union's declaratory judgment action. The declaratory judgment action brought by Commercial Union remained in effect after Westrope and Commercial Union entered into their consent judgment. Even though the insurance company and Westrope agreed that he was not covered, Overstreet was still entitled to prove that Westrope was covered under the policy.

Commercial Union's motion for summary judgment was pending before the district court when Overstreet filed his motion to compel further deposition testimony on March 8. Even though a consent decree had earlier been entered between Commercial Union and Westrope, Overstreet clearly had the right to present to the district court all relevant evidence showing that Westrope was an executive officer. The consent judgment, as the district court stated in its summary judgment order, did not apply to the other defendants in the declaratory judgment action.

If the questions Westrope refused to answer at the deposition contained relevant information as to Westrope's status in the company, the district court was bound to grant Overstreet's motion to compel further deposition, even after the consent judgment had been entered. The key point remains that a district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant. In this case, the district court never analyzed the specific questions posed to Westrope to determine whether they were or were not relevant to Overstreet's defense in the declaratory judgment action. The district court gave undue weight to the consent judgment entered in favor of Commercial Union in its action against Westrope.

■ "A judgment by consent binds the parties and those in privity with them." *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 65 (5th Cir.1974), *vacated on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). "A consent judgment is binding *only* upon those parties consenting thereto." *Botz v. Helvering*, 134 F.2d 538, 545 (8th Cir.1943) (emphasis added); *United States v. Dickerson*, 101 F.Supp. 262 (E.D.Mo.1951). In *A.S. Boyle Co. v. Siegel Hardware & Paint Co.*, 26 F.Supp. 217 (E.D.N.Y.1938), the court held that a consent decree did not operate as an estoppel against a defendant which was a stranger to the earlier consent proceedings. *Boyle*, 26 F.Supp. at 221. A consent decree becomes res judicata only when it is between the same parties or those in privity with them. *Boyle*, 26 F.Supp. at 221. In this case, Overstreet was not a party to the consent judgment entered on February 16, 1983. Since Overstreet was not bound by the consent decree, it could not and should not have been used by the district court to block Overstreet from seeking all possible

relevant evidence to present in his defense of the declaratory judgment action.

 The Second Circuit stated in *Weiss v. United States*, 199 F.2d 454, 455 (2d Cir.1952), *cert. denied*, 344 U.S. 934, 73 S.Ct. 504, 97 L.Ed. 718, *reh'g denied*, 345 U.S. 914, 73 S.Ct. 643, 97 L.Ed. 1348 (1953), that the dismissal of a complaint rendered moot motions filed by the plaintiff to compel a party to submit to further discovery. The *Weiss* rationale is inapplicable to our case. The consent decree did not result in a dismissal of Commercial Union's action against Overstreet. The declaratory judgment action retained vitality even after the consent judgment. We must therefore conclude that Overstreet's motion to compel further discovery also retained vitality.

The district court abused its discretion in denying Overstreet's motion to compel further deposition based solely on the ground that an earlier consent judgment had been entered in favor of Commercial Union in its action against Westrope. The district court should have examined the proposed questions to determine whether the questions posed to Westrope by Overstreet contained relevant material. The district court's ruling on Overstreet's motion should have been made solely on whether the questions contained relevant information, not on the fact that the consent judgment had been entered. If the questions concerned relevant material, Overstreet was entitled to have the questions answered and have this information before the district court so that it could properly rule on the summary judgment motion in the declaratory judgment action.

The district court's order granting summary judgment for Commercial Union is reversed, and the case remanded to the district court for a proper determination of whether Overstreet's motion to compel further deposition testimony should be granted. Once the district court has properly ruled upon the motions to compel further discovery, it can then adequately rule on the summary judgment motion. Only after the district court has properly ruled on the motion to compel further deposition can we be certain that the district court had before it all relevant information concerning whether Westrope is an executive officer entitled to coverage under the liability insurance policy.

REVERSED and REMANDED.