JAMES C. HILL, Circuit Judge:
 

 The district court, 24 B.R. 900, held in this case that the Merchants National Bank of Mobile (“Merchants National”) was bound by the terms of a consent judgment concluding litigation incident to a bankruptcy action in which Merchants National participated as a creditor. Merchants National has appealed, arguing that it did not consent to the terms of the Consent Judgment and that it is not bound by those terms. We agree, and we reverse.
 

 A detailed account of the background of this case is set out in our earlier opinion,
 
 Merchants National Bank of Mobile v. Ching,
 
 681 F.2d 1383, 1384-85 (11th Cir.1982). Briefly summarized, Merchants National was a secured creditor of Maritime Coatings, Inc. (“Maritime”), an Alabama Corporation performing under contract to Newport News Drydock and Shipbuilding Co. (“Newport News”). Merchants National claimed a security interest in the accounts and contract rights accruing to Maritime under the contract with Newport News. In September, 1979, Merchants National filed suit against Newport News in the United States District Court for the Eastern District of Virginia (“the Virginia litigation”), alleging a perfected security interest in all receivables, choses in action, and causes of action owned by Maritime against Newport News.
 

 In March, 1980, during the pendency of the Virginia litigation, Maritime was adjudicated bankrupt by the United States Bankruptcy Court for the Southern District of Alabama. In order to continue the pending litigation against Newport News, Merchants National filed an adversary complaint in bankruptcy court seeking relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a) (1979). In an amended complaint, Merchants National moved the bankruptcy court to adjudicate lien priority with respect to the claims against Newport News. In August, 1980, the bankruptcy court conditionally lifted the statutory automatic stay and directed the trustee to intervene in the Virginia litigation as a third-party plaintiff. In November, 1980, the bankruptcy court ruled that Merchants National had no interest in any of the claims brought against Newport News in the Virginia litigation. Merchants National appealed this ruling.
 

 During the pendency of Merchants National’s appeal from the ruling of the Alabama bankruptcy court, the trustee/third party plaintiff entered into a stipulation with Newport News settling the Virginia litigation. That stipulation provided for
 
 *1485
 
 settlement of all claims against Newport News in return for payment of $120,000 by Newport News to the Trustee. The stipulation further undertook to allocate portions of the total settlement amount to each of the several claims which had been asserted. The Trustee and Newport News executed this stipulation; Merchants National did not. The stipulation was incorporated by the Virginia district court into a consent judgment concluding the Virginia litigation. No appeal was taken by Merchants National from this action.
 

 The Virginia litigation concluded, Merchants National posted bond with the bankruptcy court and requested a stay of the disbursement to the Trustee of the proceeds from the Virginia litigation settlement. Addressing the bankruptcy action, the district court affirmed the bankruptcy judge’s earlier ruling that Merchants National had no interest in the Virginia litigation. Merchants National appealed to this court and we partially reversed, holding that Merchants National was entitled to a “rework” claim against Newport News. 681 F.2d at 1387. Merchants National therefore owned a claim which had been settled by other parties for an amount to which Merchants National had not agreed.
 

 On remand to the bankruptcy court, Merchants National moved to amend its complaint to seek declaratory relief: what portion of the Virginia settlement was alloca-ble to the rework claim. The bankruptcy court, accepting the allocation of the Trustee and Newport News incorporated into the Virginia Consent Judgment, denied Merchants National’s motion to amend. The district court affirmed, and Merchants National now appeals that ruling to this court.
 

 Notably, Merchants National does not contest that part of the Consent Judgment which purports to end all claims against Newport News, nor does it contest the total amount of the settlement, $120,000. Merchants National’s only argument here is that the amount of that settlement allocated to the rework claim is inadequate, and that, because Merchants National did not consent to the allocation in the Virginia Consent Judgment, it is not bound by that allocation. The Trustee argues that the Consent Judgment is res judicata, and that Merchants National’s remedy for an inadequate allocation was a direct appeal from the Consent Judgment, not collateral attack.
 

 It is probably true that Merchants National was not bound by the Consent Judgment which concluded the Virginia litigation.
 
 See Commercial Union Insurance Co. v. Westrope,
 
 730 F.2d 729, 732-33 (11th Cir.1984); IB J. Moore, J. Lucas & T. Currier,
 
 Moore’s Federal Practice
 
 ¶ 0.409[5] n. 2 at 326; Annot., 2 A.L.R.2d at 535-36 (1948). We need not reach that question, however, because the Consent Judgment on its face determines the controversy before us.
 

 The Virginia district court’s Consent Judgment recited that the Trustee and Newport News moved the court to grant judgment to the Trustee in the total amount of $120,000 as allocated by the parties. Judgment was then granted in that amount with the requested allocation set out. In a separate paragraph the court then addressed the effect of the settlement vis-a-vis all three parties to the action, and concluded by stating that the Consent Judgment constituted a release of claims as between all parties to the action, including Merchants National. Thus the Consent Judgment here at issue was composed effectively of two parts. Part one undertook to apportion to each claim the funds paid in settlement. Part two formed the final judgment of the court, concluding the cause of action. Only part two purported to bind Merchants National.
 

 Our reading of the Consent Judgment leads us to believe that the stipulation upon which it was based was drafted to accommodate exactly the circumstances which occurred, a change in ownership of one of the claims against Newport News. The parties desired to conclude the Virginia litigation by isolating the ongoing controversy between the Trustee and Merchants National from the resolved question of Newport News’ liability on the claims. This they did, and Merchants National, by accepting
 
 *1486
 
 the fact of settlement and the total amount received therefor, has ratified this action.
 

 Merchants National has not, however, ratified the allocation component of the Consent Judgment. Newport News and the Virginia court were manifestly unconcerned with the amount of the total settlement allocated to each claim; that question concerned only the Trustee in his ongoing dispute with Merchants National. The settlement stipulation did not purport to bind Merchants National to its allocation. Merchants National should therefore have the opportunity to challenge the Trustee’s allocation, and Newport News and the Virginia court need not be caught up in the action while it does so. We believe this to be the proper interpretation of the Virginia Consent Judgment and ensuing events, and we hold that Merchants National is not bound by the allocation component of the Virginia Consent Judgment.
 

 The judgment of the district court is reversed and the case is remanded for issuance of an order directing the Bankruptcy Court for the Southern District of Alabama to grant a hearing on the issue of proper allocation of settlement funds to the rework claim and to make that allocation.
 

 REVERSED and REMANDED.