Michael FLYNN, Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, et al.,
Defendants.

MBD No. 86–109.

United States District Court,
D. Massachusetts.

Aug. 28, 1986.

Roger Geller, Geller & Weinberg, Boston, Mass., for plaintiff.

Ada Rose Bitterbaum, Flynn & Joyce, Boston, Mass., for defendants.

ORDER ON WITNESS WAYNE B. HOLLINGSWORTH AND JUNE L. HOLLINGSWORTH'S MOTION TO QUASH DEPOSITION SUBPOENAS, FOR PROTECTIVE ORDER AND FOR COSTS (# 21); BRACKETT B. DENNISTON'S MOTION TO QUASH SUBPOENA (# 32); AND MOTION TO COMPEL ANSWERS TO DEPOSITION *QUESTIONS PROPOUNDED TO DAVID BANASH*

JOYCE LONDON ALEXANDER, United States Magistrate.

The present motions arise from an action in which plaintiff, Michael Flynn, seeks damages for emotional and economic injuries based on acts of the defendants. Plaintiff alleges that defendants published information concerning his alleged involvement in the unsuccessful attempt to pass a forged $2,000,000.00 check.[1]

Defendants, Church of Scientology (Scientology), seek to compel the deposition testimony of Wayne B. Hollingsworth, June L. Hollingsworth, Brackett Denniston III and the answers to deposition questions propounded to David Banash.

WAYNE AND JUNE HOLLINGSWORTH

Defendants subpoenaed Wayne and June Hollingsworth commanding them to provide deposition testimony.[2] Witnesses, Wayne B. Hollingsworth (Hollingsworth) and June L. Hollingsworth move to quash these deposition subpoenas.[3] They also seek protective orders and costs, including reasonable attorney's fees.[4]

Hollingsworth is an attorney and since 1981 has represented the plaintiff against various individuals and entities related to Scientology.[5] As such, he asserts that the deposition subpoena should be quashed and protective order granted, because any information he has received concerning Scientology matters is covered by the attorney-client privilege or work product immunity within the meaning of Fed.R.Civ.P. 26.[6]

Defendants state that although Hollingsworth represented Flynn in litigation against Scientology, this is an insufficient basis to quash the deposition subpoena or grant a protective order.[7] Defendants further assert that they had no intention of questioning Hollingsworth on his actual representation of Flynn. Rather, the deposition will focus on areas for which no attorney-client privilege exists, such as Flynn's physical appearance, non-legal

1. Defendants' Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoenas and Protective Orders and Costs (# 26), p. 1–2.

2. Witness, June L. Hollingsworth, was not served in hand with her deposition subpoena pursuant to Fed.R.Civ.P. 45. Witness Wayne B. Hollingsworth and June L. Hollingsworth's Motion to Quash Deposition Subpoenas for Protective Orders and For Costs (# 21), p. 1.

3. *Id.*, (# 21), p. 1.

4. *Id.*, (# 21), p. 1.

5. Defendants' Opposition to Motion of Deposition Witness Wayne B. Hollingsworth and June L. Hollingsworth to Quash Subpoenas for Protective Orders and Costs (# 26), p. 1.

6. Witness Wayne B. Hollingsworth and June L. Hollingsworth's Motion to Quash Deposition Subpoenas for Protective Orders and for Costs (# 21), p. 2.

7. Defendants' Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoenas and Protective Orders and Costs (# 26), p. 3.

business affairs with deponent, or amount and sources of fees paid.[8]

Hollingsworth, who has represented the plaintiff in litigation against Scientology,[9] states that Scientology's deposition subpoena is motivated by bad faith. He asserts that it is the defendant's latest attempt to harass attorneys who represent or have represented the plaintiff by seeking privileged information from them.[10] Hollingsworth further asserts that defendants seek "irrelevant and first amendment privileged information" such as Hollingsworth's personal, fiduciary and client financial records, that cannot lead to the discovery of admissible evidence.[11]

Defendants allege that there has been no showing of harassment, and the material sought is relevant and crucial to defendant's defense.[12]

Cases show that one who consults a lawyer with a view to obtaining professional legal services from him is regarded as a client for purposes of the attorney-client privilege.[13] *Federal Practice & Procedure*, Wright and Miller, Vol. 8, p. 135. Communications from a client to his attorney are ordinarily privileged if legally related and have an expectation of confidentiality. *Duplan Corporation v. Deering Milliken, Inc.*, 370 F.Supp. 761, 768 (D.S.C. 1972). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981).

An attorney's work product privilege protects against the disclosure of his mental impressions, conclusions, opinions or legal theories. *Mervin v. Federal Trade Commission*, 591 F.2d 821, 825 (D.C.Cir. 1978). The party seeking discovery of the lawyer's "work-product" must establish adequate reasons to justify such production. When the desired material can be obtained elsewhere, the burden of showing such special circumstances has not been met. *Hickman v. Taylor*, 329 U.S. 495, 511–513, 67 S.Ct. 385, 393–394, 91 L.Ed. 451 (1946).

It is axiomatic that Fed.R.Civ.P. 26(b) provides that only relevant matter may be the subject of discovery. "[W]here the relevance of information sought in discovery proceedings is questionable ... discovery of the requested information will be denied." *Moore Federal Practice*, Vol. 4, p. 26–431.

---

8. Defendants' Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoenas and Protective Orders and Costs (#26), p. 4.

9. Defendant's Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoenas and Protective Orders and Costs (#26), p. 1.

10. Hollingsworth provides that: Martin O'Malley, Paul Jenkins, Gary Pappas, Daniel Lenzo, Thomas Green and William Weld are other attorneys who were deposed. Witness Wayne B. Hollingsworth and June L. Hollingsworth's Motion to Quash Deposition Subpoenas, for Protective Order and for Costs (#21), p. 2.

11. *Id.*, (#21), p. 2.

12. Defendants' Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoenas and for Protective Orders and Costs (#25), p. 5.

13. "The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the Communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by client." *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–359 (D.Mass.1950).

■ The Court concludes that information concerning Scientology matters which Hollingsworth has received is entitled to the protection of the attorney-client and work product privileges as a result of his representation of the plaintiff. The Court further concludes that discovery sought by defendants may be obtained by less intrusive sources than the intrusion of Hollingsworth's work product.

In addition, the Court cannot find the requisite relevance of questions relating to Hollingsworth's personal, fiduciary and client financial records to the case *sub judice*. As such, the Court concludes that such information cannot lead to the discovery of relevant evidence.

Witness June L. Hollingsworth is the wife of Wayne B. Hollingsworth.[14] Mrs. Hollingsworth asserts that since 1981 she was employed by her husband's law firm.[15] She submits that her deposition should be quashed and a protective order granted in that she has no knowledge of any relevant facts that are not privileged.[16]

Defendants state that the deposition testimony of Mrs. Hollingsworth, as an employee of Hollingsworth's law office, is calculated to lead to the discovery of relevant evidence.[17]

The Court has concluded that Mr. Hollingsworth has properly asserted both attorney-client and work product privileges.[18] "[C]onfidences imputed to the attorney are presumed shared among his partners and employees associated with him...." *State of Arkansas v. Dean Foods Products Company*, 605 F.2d 380, 385 (8th Cir.1979).

This Court finds that as an employee of the law firm which represented the plaintiff, any privileges asserted by Mr. Hollingsworth extend to June Hollingsworth, and any relevant information she may have acquired is protected.

Consonant with the foregoing, Wayne B. Hollingsworth and June Hollingsworth's Motions to quash and for protective orders are hereby ALLOWED.

■ Wayne and June Hollingsworth also seek costs including reasonable attorney's fees as a part of their motion before the Court.

Fed.R.Civ.P. 37(a)(4) provides:

"If the motion is granted, the court shall ... require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

The Court cannot conclude that defendants' opposition to Wayne and June Hollingsworth's motions to quash were substantially unjustified or motivated by bad faith. Nor can this Court find that Wayne Hollingsworth has provided sufficient information to substantiate his claim that the deposition subpoena was motivated by bad faith. Accordingly, the Court denies the Hollingsworth's request for attorney's fees and costs.

### BRACKETT DENNISTON III

■ On April 9, 1986, defendants subpoenaed Brackett B. Denniston III (Denniston), commanding him to appear and give deposition testimony.[19] Denniston now moves to quash the subpoena.[20]

---

**14.** Witness Wayne B. Hollingsworth and June L. Hollingsworth's Motion to Quash Deposition Subpoenas for Protective Order and for Costs (#21), p. 3.

**15.** *Id.,* (#21), p. 3.

**16.** *Id.,* (#21), p. 3.

**17.** Defendant's Opposition to Motion of Deposition Witnesses Wayne B. Hollingsworth and June Hollingsworth to Quash Subpoena and for Protective Orders and for Costs (#26), p. 1.

**18.** Witness Wayne B. Hollingsworth and June Hollingsworth's Motion to Quash Deposition Subpoenas, for Protective Order and for Costs (#21), p. 2.

**19.** Motion to Quash Subpoena (#32), p. 1.

**20.** Motion to Quash Subpoena (#32), p. 1.

Denniston, an Assistant United States Attorney, states that he is assigned to an ongoing criminal investigation of matters about which Scientology seeks to take his deposition. He is also working with a Grand Jury on these matters.[21]

Denniston asserts that the subpoena should be quashed because his testimony is not authorized by the Department of Justice. Denniston submits that federal regulations prohibit him, as an employee of the Department of Justice, from disclosing information based on material contained in the files of the Department, without prior approval of the proper Department official.[22]

At the hearing, it was stated that after discussing this matter with U.S. Attorney Weld, Denniston was denied authority to testify. Denniston states that such denial was proper.[23]

Defendants stated at the hearing that the U.S. Attorney's denial of Denniston's authorization to testify is not a final determination. Rather, the decision is reviewable by the Court.

The Court concludes that the U.S. Attorney's denial of Denniston's authorization to testify was proper.[24]

Denniston submits that the subpoena calls for privileged matter from an ongoing criminal investigation.[25] Denniston states that any information he has stems solely from his criminal investigation on behalf of the U.S. Attorney's Office. Such information is protected under the privilege for law enforcement investigative information.[26]

Defendants submit that the government has the burden of demonstrating the applicability of its asserted privilege, and the government has not met its burden of showing how the deposition will impede the ongoing criminal investigation.[27]

The Court notes that "there is indeed a public interest in minimizing disclosure of documents that would tend to reveal law enforcement investigative techniques or sources." *Black v. Sheraton Corporation of America,* 564 F.2d 531, 545 (D.C.Cir. 1977). "It is well established that the government has a qualified privilege to prevent public disclosure of investigative files and related material prepared in the course of an ongoing criminal investigation." *Jabara v. Kelley,* 75 F.R.D. 475, 493 (E.D. Mich.1977). The Court finds that the possibility of disclosure of confidential information and sources is enough in and of itself to satisfy Denniston's burden of showing the applicability of the privilege asserted.

Denniston further submits that compelling his testimony would violate Fed.R.

---

**21.** Bracket Denniston is Chief of the Major Frauds Unit of the United States Attorney's Office for the District of Massachusetts. Memorandum in Support of Motion to Quash Subpoena (# 33), p. 1.

**22.** Memorandum in Support of Motion to Quash Subpoena (# 33), p. 3. 28 C.F.R. § 16.22(a) *General prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party,* provides:

"In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official status without prior approval of the proper Department official...."

**23.** Denniston submits that compliance with a subpoena will not be allowed if disclosure would reveal a confidential source or informant or would interfere with enforcement proceedings. Denniston asserts that compulsion of his testimony would seriously compromise the ongoing criminal investigation and would reveal confidential sources of information, and thus the denial of authorization was proper. Memorandum in Support of Motion to Quash Subpoena (# 33), p. 4.

**24.** Memorandum in Support of Motion to Quash Subpoena (# 33), p. 3.

**25.** Memorandum in Support of Motion to Quash Subpoena (# 33), p. 4.

**26.** Memorandum in Support of Motion to Quash Subpoena (# 33), p. 4.

**27.** Defendant's Memorandum in Support of Motion to Compel Attendance of Witness at Deposition and Opposition to Motion to Quash Subpoena of Brackett B. Denniston III (# 38), p. 13–14.

Crim.P. 6(e), which prohibits disclosure of matters before the Grand Jury.[28]

Defendants assert that they do not seek to question Denniston about grand jury testimony, and further, such information may be protected by Denniston's opportunity to assert the privilege if necessary.[29]

Fed.R.Crim.P. 6(e)(2) provides that, "... an attorney for the government, or any person to whom disclosure is made ... shall not disclose matters occurring before the grand jury...."

The Court finds that allowing the privilege to be asserted on a question-by-question basis involves the possibility of the risk of disclosure. As such, to assure the secrecy and nondisclosure of the investigation before the grand jury the Court concludes that Denniston's assertion of Fed.R. Crim.P. 6(e)(2) is proper.

For the reasons stated above, Brackett B. Denniston III's Motion to Quash Subpoena is hereby ALLOWED.

DAVID BANASH

■ Defendants move to compel David Banash (Banash) to answer certain deposition questions propounded to him which he refused to answer during his deposition on March 12, 1986.[30]

In support of their motion to compel, the defendants make the following proffers:

First, defendants state that Banash's objections based on the grounds of relevancy are without merit. They assert that all information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence and should thus be provided.[31]

Next, defendants assert that Banash's objections based on the attorney-client privilege are also without merit, in that Banash has failed to meet his burden in demonstrating how the questions propounded interfere with his attorney-client relationship.[32]

Finally, defendants submit that Banash's failure to answer questions on Hollingsworth's "physical and emotional demeanor" is without merit, because physical appearance is not a privileged matter.[33]

As to the first contention, Banash submits that his refusal to answer certain questions on the grounds of relevancy was proper.[34] At hearing, counsel for Banash asserted that defendants were asking for broad and irrelevant discovery of Mr. Hollingsworth, who is not even a party in this case.[35]

Banash next states that he is an attorney and was not only a member of Hollingsworth's law firm, but he has also represented both the plaintiff and Mr. Hollingsworth.[36] Banash states that he has also provided legal advice to Mr. Hollingsworth and advised him regarding his rights

28. Memorandum in Support of Motion to Quash Subpoena (#33), p. 5–6.

29. Defendants' Memorandum in Support of Motion to Compel Attendance of Witness at Deposition and Opposition to Motion to Quash Subpoena of Bracket B. Denniston III (#38), p. 21.

30. Banash's refusal to answer certain deposition questions was based on three grounds: a) lack of relevance; b) attorney-client privilege; and c) attorney work product. Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 1–3.

31. Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 5.

32. Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 10.

33. Id., p. 14.

34. Plaintiff and Deponent's Memorandum in Opposition to Defendant's Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 4.

35. Counsel for Banash stated that questions such as: How Hollingsworth billed his clients; questions relating to Hollingsworth's personal finances, personal habits, friendships and relations, have no relevance to the allegations about the plaintiff in the case. Plaintiff and Deponent's Memorandum in Opposition to Defendants' Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 6.

36. Plaintiff and Deponent's Memorandum in Opposition to Defendants' Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 2.

against Scientology.[37] At hearing, counsel for Banash asserted that Banash has represented Hollingsworth and the plaintiff during the relevant time periods for which defendant's seek Banash's deposition. Counsel stated that this is enough in itself to show that Banash has met the burden of demonstrating an interference with his attorney-client relationship if compelled to answer questions which may relate to this representation. As such, Banash asserts that his objections based on the attorney-client privilege were proper.[38]

Finally, Banash asserts that the information sought based on his observations and impressions of Hollingsworth were properly refused and are protected by his work product privilege.[39] At hearing, counsel for Banash submitted that there is a distinction between the objective physical observation, which defendants are entitled to, such as information based on a client's height, weight, clothes, and the subjective physical observation, such as information related to the clients distress, which is clearly protected.[40] Banash further states that information protected by the work product doctrine may only be reached where there is inability to obtain it otherwise.[41]

Fed.R.Civ.P. 26(b) provides that only relevant matter may be the subject of discovery. "[W]here the relevance of information sought in discovery proceedings is questionable and the request is overly broad, or compliance with such a request would be unduly burdensome, discovery of the requested information will be denied." *Moore's Federal Practice*, Vol. 4, p. 26–431. Under a generous reading of the defendant's memoranda, this Court is unable to find the relevance of the information sought.[42] Accordingly, the Court finds that Banash's refusal to answer deposition questions on the grounds of relevancy was proper.

The Court also finds that Banash's refusal to answer deposition questions on the grounds of attorney-client and work product privileges were proper. The Court concludes this based on the same reasoning as cited above in the Hollingsworth order.

Consonant with the foregoing, Defendant's Motion to Compel Answers to Deposition Questions Propounded to David Banash is hereby DENIED.

SO ORDERED.

---

**37.** *Id.*

**38.** Plaintiff and Deponent's Memorandum in Opposition to Defendants' Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 3.

**39.** Banash states that the work product doctrine is reflected in Fed.R.Civ.P. 26(b)(3) and it protects an attorney's mental impressions, thought processes and personal beliefs concerning a case. Plaintiff and Deponent's Memorandum in Opposition to Defendant's Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 14–15.

**40.** Counsel stated that an attorney's subjective physical observation of his client is impossible to distinguish from the privileged work product mental impressions that an attorney uses to decide how to handle a case, and thus, subjective physical observation is clearly protected.

**41.** Banash submits that there are numerous sources from which defendants can obtain information about the plaintiff's damages without requiring an attorney to reveal his work product. This includes: plaintiff's family; non-lawyer colleagues; friends; and the deposing of the plaintiff himself. Plaintiff's and deponent's Memorandum in Opposition to Defendant's Motion to Compel Answers to Deposition Questions Propounded to David Banash, p. 17.

**42.** The Court may deny motion to compel further deposition questioning when the Court determines questions are irrelevant. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir.1984).