REVISED JANUARY 31, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40144

VALLEY REGIONAL MEDICAL CENTER,
Plaintiff - Counter Defendant - Appellee

v.

PHILLIP G. WRIGHT, M.D.
Defendant - Third Party Plaintiff
Counter Claimant - Appellant

v.

COLUMBIA HCA HEALTHCARE CORP.
Third-Party Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division
Civil Action No. B-99-171

January 30, 2003

Before BENAVIDES and DENNIS, Circuit Judges, and WALTER, District Judge.[*]

PER CURIAM.[**]

---

[*]District Judge for the Western District of Louisiana sitting by designation.

[**]Pursuant to Fifth Circuit Rule 47-5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47-5.4.

## I. **Background**

On July 16, 1999, plaintiff - appellee ("Valley Regional") filed suit against defendant - appellant ("Dr. Wright") in State District Court in Cameron County, TX. Dr. Wright removed the case to the United States District Court on August 4, 1999, pursuant to 28 U.S.C. § 1332. On August 6, Dr. Wright filed his answer, a counterclaim against Valley Regional, and third party complaint against third-party defendant - appellee Columbia HCA Healthcare Corp. (hereinafter referred to as "Columbia"). The District Court entered a final judgment on Sept. 18, 2001, granting Valley Regional's motion for summary judgment on its breach of contract claim against Dr. Wright and granting summary judgment *sua sponte* in favor of Valley Regional on Dr. Wright's counterclaims. Further, the summary judgment also dismissed Dr. Wright's claims against Columbia. Dr. Wright filed a motion for new trial on September 26, 2001. On November 26, 2001, the court denied Dr. Wright's motion for new trial and entered an order denying without reasons Dr. Wright's motion to compel responses to request for production and answers to deposition questions. Dr. Wright filed a notice of appeal on December 21, 2001. Valley Regional filed a cross notice of appeal on December 26, 2001, which was subsequently dismissed voluntarily. On December 28, Valley Regional filed a motion with the District Court to correct the judgment on grounds that pre-judgment interest and post-judgment interest should be awarded. On January 16, 2002, the District Court entered an order granting the motion to correct the judgment.

On appeal, Dr. Wright argues that (1) the District Court did not have jurisdiction to correct the judgment pursuant to FED. R. CIV. P. 60 because of the notices of appeal filed by the parties; (2) the District Court abused its discretion in failing to compel Valley Regional to produce the communications of the medical peer review committee; (3) Valley Regional was not entitled to

2

summary judgment on its breach of contract claims as a matter of law; (4) Valley Regional was not entitled to an award of attorney's fees on summary judgment for prosecuting its breach of contract claims; (5) Valley Regional was not entitled to summary judgment based on Dr. Wright's counterclaims; and (6) Columbia was not entitled to summary judgment on Dr. Wright's claims.

## II.     Jurisdictional Issue

In the briefing notice, the Court requested the Parties to brief the jurisdictional issue of whether the trial court had jurisdiction to correct the judgment under FED. R. CIV. P. 60 after the parties filed notices of appeal with this Court.

After the Court's request, Valley Regional filed a motion for leave to file a motion in the trial court for corrected judgment pursuant to FED. R. CIV. P. 60. The Court granted this motion. Having obtained leave, Valley Regional then filed a motion before the District Court to correct the judgment. The District Court granted the motion and corrected the judgment by including pre-judgment and post-judgment interest. Therefore, the issue of whether the trial court had jurisdiction to correct the judgment under FED. R. CIV. P. 60 after the parties filed notices of appeal with this Court has been rendered **MOOT**.

## III.    Motion to Compel Discovery

Without stating reasons, the District Court denied Dr. Wright's motion to produce the communications of the medical peer review committee, and Dr. Wright appeals that decision. The standard of review for a denial of a motion to compel discovery is abuse of discretion. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731-32 (11th Cir. 1984); Barrett v. Independent Order of Foresters, 625 F.2d 73, 75 (5th Cir. 1980).

The decision-making process of the Valley Regional committee that decided not to appoint

3

a director is protected by the medical peer review committee privilege. TEX. OCC. CODE ANN. § 160.007 (Vernon 2002). This privilege is found in the Medical Practice Act, which provides: "[E]ach proceeding or record of a medical peer review committee is confidential, and any communication made to a medical peer review committee is privileged." TEX. OCC. CODE ANN. § 160.007(a). A medical peer review committee is defined as a committee of a health care entity, the governing board of a health care entity, or the medical staff of a health care entity, that operates under written bylaws approved by the policy-making body or the governing board of the health care entity. Id. § 151.002(a)(8) (Vernon 2002). The committee is authorized to evaluate the quality of medical and health care services or the competence of physicians. Id. The Act defines medical peer review as "the evaluation of medical and health care services, including evaluation of the qualifications of professional health care practitioners and of patient care provided by those practitioners." Id. § 151.002(a)(7); Ebony Lake Healthcare Center v. Texas Dept. of Human Services, 62 S.W.3d 867, 871-72 (Tex. App.-Austin 2001). Even a gratuitous communication to a peer review committee about the qualifications of a physician or the quality of health care provided by that physician is within the scope of the peer review privilege. Irving Healthcare Sys. v. Brooks, 927 S.W.2d 12, 19 (Tex. 1996).

Here, the communications of the committee in determining not to appoint a director, and in reviewing the applicants for the directorship are protected under the privilege. The committee was engaging in evaluation of the qualifications of professional health care practitioners and of patient care provided by those practitioners. As such, the information sought by Dr. Wright was protected from discovery under the Medical Practice Act. The trial court's order denying the discovery request is correct and is **AFFIRMED**.

4

**IV.    Summary Judgment Rulings**

This Court reviews a trial court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party.  Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002).  Summary judgment is only appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is proper if no sufficient evidence exists for a finding in the nonmovant's favor on any issue on which the nonmovant would bear the burden of proof.  Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 635 (5th Cir. 2002).  Regarding issues on which the movant carries the ultimate burden of persuasion, "it must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto."  Rushing v. Kansas City So. Ry. Co., 185 F.3d 496, 505 (5th Cir. 1999).

If the Court determines that the trial court erred in its stated reason for granting summary judgment, the judgment of the trial court can nonetheless be affirmed provided other adequate grounds for granting summary judgment appear.  Thompson v. Georgia Pacific Corp., 993 F.2d 1166, 1167-68 (5th Cir. 1993); Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1146 (5th Cir.1993).  That is, so long as "this Court finds an adequate, independent basis for the imposition of summary judgment, the district court's judgment may be affirmed regardless of the correctness of the district court's rulings."  Lang v. French, 154 F.3d 217, 219 (5th Cir. 1998); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 363 (5th Cir.1995).

The Court **AFFIRMS** the District Court's grant of summary judgment for Valley Regional based on Dr. Wright's counterclaims for the reasons stated by the District Court, except as to the issue of whether Valley Regional breached its contract with Dr. Wright by not appointing him as

5

Director of Cardiac Surgery. The contract at issue is the Physician Assistance Agreement ("the Agreement"), and its purpose was to "induce by assisting" Dr. Wright in establishing a specialty practice in the field of cardiac surgery at Valley Regional. (Agreement, Dr. Wright's Record Excerpts "10").

Section C.3 (Directorship), of the Agreement provides:

Upon approval by the Hospital, the Physician will request and make such adjustments among staff and equipment as to assure the smooth and efficient operation of surgical procedures. In this regard, the Hospital shall encourage the Medical Staff to establish a separate department of cardiac surgery, and *shall appoint* the Physician as Director of Cardiac Surgery.

(Emphasis supplied).

It is agreed Dr. Wright never received the title of Director of Cardiac Surgery, therefore, an issue of fact may remain as to whether Valley Regional was required, under the Agreement, to appoint Dr. Wright as Director of Cardiac Surgery. However, the Court finds that the principle *de minimis non curat lex* applies. *De minimis non curat lex* is well know in the law and stands for the proposition that courts do not concern themselves with trifles. National Labor Relations Board v. Big Three Industrial Gas & Equipment, 441 F.2d 774, 778 (5th Cir. 1971). "Modern authorities now apply the maxim *de minimis non curat lex*; so that what is required is merely substantial, and not literal, compliance with the terms of the contract." Hudson v. Wakefield 645 S.W.2d 427, 431 (Tx. 1983).

Although Valley Regional never officially appointed Dr. Wright or anyone else as director, Dr. Wright acted as director during the duration of the Agreement. Furthermore, Valley Regional complied with all of its financial compensation obligations under the Agreement. To remand on the issue of whether Valley Regional was required by contract to appoint Dr. Wright as Director of

6

Cardiac Surgery would incur a substantial and wasteful expenditure of judicial resources and attorney's fees. The issue is trivial, as Dr. Wright did not show that he sustained damage or injury as a result of not being officially appointed "Director".

Accordingly, we **AFFIRM** the District Court's grant of summary judgment for Valley Regional as to all of Dr. Wright's breach of contract claims.

As to all remaining issues, the Court **AFFIRMS** the judgment of the District Court for the reasons stated by the District Court in its rulings.