[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15964
Non-Argument Calendar
_____

D. C. Docket No. 04-02690-CV-WSD-1

EDWARD EARL JEROME,

Plaintiff-Appellant,

versus

MARRIOTT RESIDENCE INN
BARCELO CRESTLINE/AIG,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 4, 2006)

Before ANDERSON, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Edward Earl Jerome appeals pro se the district court's orders granting

motions by Marriott Residence Inn, d/b/a/ Barcelo Crestline ("Crestline")[1] for judgment on the pleadings and summary judgment on his pro se claims. Jerome has alleged race and gender discrimination in the form of discriminatory pay practices, the denial of a promotion, and racial harassment, which were brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(1)(1). He raises three distinct issues on appeal: (1) whether the district court erred by granting the defendant's motion for judgment on the pleadings as to Jerome's disparate pay claim, based on his failure to exhaust his administrative remedies; (2) whether the district court erred by granting summary judgment to the defendant on Jerome's failure to promote claim; and (3) whether the district court abused its discretion by finding that Jerome was provided adequate opportunities for discovery. Upon careful review of the record and consideration of the parties' briefs, we affirm.

## I. Disparate Pay Claim

In his brief, which we liberally construe, Jerome argues that because he circled "wages" on a questionnaire that he filled out for the Equal Employment Opportunity Commission ("EEOC") and informed the EEOC about his disparate

---

[1] According to the defendant, it is named incorrectly in the style of this case.

pay claim[2] during the intake process, the EEOC and Crestline were on notice of this claim, and, thus, the district court should have denied Crestline's motion for judgment on the pleadings.

We review de novo a district court's grant of judgment on the pleadings, "accept[ing] all facts in the complaint as true and view[ing] them in the light most favorable to the [nonmovant]." Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006) (internal quotations and citation omitted). "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000). See generally 42 U.S.C. § 2000e-5. "EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" Alexander, 207 F.3d at 1332 (quoting 29 C.F.R. § 1601.12(a)(3)). Although we liberally construe EEOC charges that are prepared without the assistance of counsel, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of

---

[2] Because Jerome fails to challenge the district court's dismissal of his gender discrimination and racial harassment claims, we deem these issues abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

3

Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotations omitted); see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). In Gregory, for example, we held that even though the plaintiff failed to check the box labeled "retaliation" on the EEOC charge, she nonetheless alleged facts in the charge that reasonably encompassed a retaliation claim, and, thus, her retaliation claim was exhausted. Gregory, 355 F.3d at 1280.

When Jerome filed his EEOC charge, he alleged only the denial of a promotion. Nowhere does there appear on the charge a reference to his disparate pay claim. Jerome's only evidence for making the claim to the EEOC, other than his own unsworn statements, is an EEOC charge questionnaire on which he circled "wages" when prompted to identify the specific discriminatory actions he was complaining of. Immediately below this section, however, when asked to explain these discriminatory actions, Jerome complained only of being passed over for a promotion. Given his own explanation, merely circling "wages" on the questionnaire fell far short of putting the EEOC on notice that Jerome was also claiming that Crestline paid its white employees less than its black employees. And unlike the allegations in the Gregory case, the facts relating to Jerome's

4

promotion claim (such as the comparative qualifications of Jerome and Schultz) do not encompass facts that would also support a disparate pay claim. Because Jerome failed to inform the EEOC of such a claim, the district court correctly granted the defendant's motion for judgment on the pleadings.

## II. Failure to Promote Claim

The district court granted summary judgment to Crestline on Jerome's failure to promote claim. Jerome argues that Crestline discriminated against him by promoting Lisa Schultz to the position of Assistant General Manager, despite knowing about her alleged drinking problems and inability to complete her assignments. He contends that he should not have been rejected from the position based only on his handwriting.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light more favorable to the nonmoving party. Gitlitz v. Compagnie Nationale Air Fr., 129 F.3d 554, 556-57 (11th Cir. 1997). Federal Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56(c).

In order for Jerome to establish a prima facie case of discrimination for Crestline's failure to promote him, he must show that (1) he is a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004). If Jerome makes out a prima facie case of discrimination, Crestline may rebut that presumption by articulating a legitimate, nondiscriminatory reason for not promoting him. Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642-43 (11th Cir. 1998). If Crestline successfully proffers a legitimate, nondiscriminatory reason, Jerome is left with the burden to show that the employer's offered reasons are pretextual. Id. at 643.

The district court did not err by granting summary judgment to Crestline because there is no evidence that Schultz was equally or less qualified for the Assistant General Manager position, the fourth element of Jerome's prima facie case. The undisputed evidence establishes that (1) Crestline advertised that the position required strong verbal and written communication skills and expressed a preference for a candidate with a college degree; (2) Schultz had a college degree, but Jerome did not; and (3) Schultz's written communication skills were superior

6

to Jerome's. Thus, the evidence demonstrates that Schultz was better qualified for the position. The district court correctly concluded that Jerome failed to make out a prima facie case of discrimination as to his failure to promote claim when it granted summary judgment for the defendant.

## III. Adequacy of Discovery

Jerome also argues that he was denied adequate discovery in this case because, even though he submitted the appropriate discovery requests, Crestline failed to answer or fully comply with them.[3] He points out that, during a telephonic hearing on April 26, 2005 before the magistrate judge, Crestline promised that it would release discovery.[4]

We review a district court's decision on discovery issues for abuse of discretion. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). A district court's decisions regarding discovery may only be disturbed upon a showing of substantial harm to the party seeking relief. Edward Leasing Corp. v.

---

[3]Jerome also identifies, in his brief, several instances of misconduct on the part of Crestline. To the extent that Jerome's allegations are relevant to the instant case, none of them have evidentiary support in the record.

[4]Jerome also appears to argue, for the first time on appeal, that the magistrate exhibited bias toward Crestline when she denied Jerome's discovery motions. Jerome offers only conclusory arguments that the magistrate was biased in favor of Crestline, and, therefore, recusal was not required because the alleged bias was based only on unsupported speculation. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam) (stating that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation").

7

Uhlig & Assocs., Inc., 785 F.2d 877, 881 (11th Cir. 1986). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[A] district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant." Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 732 (11th Cir.1984).

The district court did not abuse its discretion by finding that Jerome was provided with adequate opportunities for discovery. Although the district court did deny Jerome's request to discover the personnel files of certain Crestline employees, this evidence was irrelevant to his failure to promote claim as none of the employees had applied for the Assistant General Manager position. Even his request for potentially relevant evidence, such as his own and Schultz's personnel files, were properly denied when Jerome refused to comply with Crestline's conditions for producing this sensitive information. Moreover, Jerome has failed to identify any substantial harm brought about by the unavailability of the evidence he seeks. Accordingly, we affirm.

**AFFIRMED.**