[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11607
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-01951-CEH-SPF


ROGER BROWN,

                                          Plaintiff-Appellant,

versus

CITIZENS PROPERTY INSURANCE CORPORATION,
UNKNOWN EMPLOYEES OF CITIZENS PROPERTY INSURANCE
CORPORATION,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 4, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Roger Brown filed an action against Citizens Property Insurance Corporation, alleging various state law claims connected to a settlement agreement. The district court dismissed the action when it found that the corporation was an arm of the state. Finding no error in the district court's holding, we affirm.

I.

Citizens Property Insurance Corporation (CPIC) was established by the Florida legislature to provide "affordable property insurance." Fla. Stat. § 627.351(6)(a)1. And the Florida legislature further described CPIC as "a government entity that is an integral part of the state, and that is not a private insurance company." *Id.* That is the entity which Brown now sues.

In 2011, Brown co-owned property in Clearwater, Florida. The trouble was that his property was adjacent to a designated sinkhole property. So he submitted a claim to his property's insurer, CPIC. His claim was disputed, but the ensuing litigation was settled in 2014. That same year, Brown's property was foreclosed, with the final judgment of foreclosure assigned to the Federal National Mortgage Association (FNMA).

CPIC wrote a check for about half the settlement amount, made jointly to Brown and FNMA. Because Brown had not dealt with FNMA before, he sought to get it reissued in his name only. But each time Brown demanded payment, CPIC continued to issue joint checks. Eventually Brown had enough, and he filed this action in federal district court against CPIC and "unknown employees" of that corporation. Brown's amended complaint alleges breach of contract, conversion,

unjust enrichment, intentional breach of fiduciary duty, and intentional infliction of severe emotional distress.

CPIC filed a motion to dismiss for lack of subject matter jurisdiction, citing Eleventh Amendment immunity. In response, Brown argued that Congress can abrogate sovereign immunity, that he could still sue under *Ex parte Young*, that Florida had waived its immunity, and that CPIC is not an arm of the state. He also filed a motion to compel CPIC to answer interrogatories and produce documents, as well as a motion to compel discovery. Both were denied by the district court because "the discovery requests at issue" were "not relevant to a determination of the Court's jurisdiction."

And ultimately, the district court agreed with CPIC that the Eleventh Amendment blocked subject matter jurisdiction. More specifically, the court noted the language of the state statute, and that "courts regularly recognize [CPIC]'s status as a state government entity." It also found that Florida never explicitly waived CPIC's "immunity from suit in federal court." And the court found that the "unknown employees" were not identified or served, and that therefore their inclusion was "not a barrier to dismissal of" the action. So the case was dismissed, and Brown now appeals.

## II.

We review de novo the district court's ruling on Eleventh Amendment immunity. *Pellitteri v. Prine*, 776 F.3d 777, 779 (11th Cir. 2015).

3

III.

A.

As to CPIC itself, Brown argues that it is not an "arm of the state."  The district court found otherwise, and Brown has given us no reason to find that its decision was error.  Because we agree with the district court, we affirm.

"Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity."  *Nichols v. Alabama State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).  That immunity is available "only to states and arms of the states."  *Walker v. Jefferson Cnty. Bd. of Educ.*, 771 F.3d 748, 751 (11th Cir. 2014) (internal quotation marks omitted).  Whether an entity is an arm of the state is determined based on four factors: "(1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity."  *Nichols*, 815 F.3d at 732.

The first two factors weigh heavily in favor of finding that CPIC is an arm of the state.  For the first factor, as mentioned before, the Florida legislature defined CPIC as "a government entity," and specifically noted that it was "not a private insurance company."  Fla. Stat. § 627.351(6)(a)1.  As for the second factor, CPIC operates pursuant to a plan "approved by order of the Financial Services Commission," which is "subject to continuous review."  Fla. Stat. § 627.351(6)(a)2.  Further, the commission "may, by order, withdraw approval of all or part of a plan if the commission determines that conditions have changed

4

since approval was granted and that the purposes of the plan require changes in the plan." *Id.* The Financial Services Commission, in turn, is composed of "the Governor, the Attorney General, the Chief Financial Officer, and the Commissioner of Agriculture." Fla. Stat. § 20.121(3). Brown does not dispute these factors beyond conclusory statements which seldom touch directly on the multi-factor approach. And though he briefly mentions the other factors in the analysis, he does not show that they outweigh the first two. *Cf. Lake v. Skelton*, 840 F.3d 1334, 1344 (11th Cir. 2016) ("[A]n actual drain on the state treasury is not required for immunity to apply." (internal quotation marks omitted)).

Brown also argues in the alternative that, even if CPIC is an arm of the state, Florida has waived the entity's Eleventh Amendment immunity. Not so. "The test to determine if a state has waived its sovereign immunity is a stringent one." *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) (internal quotations omitted). A "waiver of Eleventh Amendment immunity must specifically permit suits in federal court." *Id.* It is true that the Florida Statutes explicitly state that the liability and cause of action shield does not extend to every circumstance; such exceptions include "willful tort" and "breach of any contract or agreement pertaining to insurance coverage." Fla. Stat. § 627.351(6)(s)1. But, without more, that just means Florida waived immunity for certain suits in state courts. And Brown raises nothing before us that would meet the "stringent" test for finding that Florida waived CPIC's immunity from suits in *federal* court.

5

B.

Brown's remaining arguments on appeal relate to the "unknown employees" he attempted to sue. In particular, he alleges that the district court erred in (1) denying his motions to compel discovery, answer interrogatories, and produce documents, and (2) dismissing the claim against the unknown employees. For the former, we review the district court's decision for abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). For the latter, we review the dismissal de novo. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). And for both, we affirm.

Brown has failed to show that the district court abused its discretion in denying his motions to compel discovery. We have noted in the past that a district court "may deny a motion to compel further deposition questioning when the court determines that the questions are irrelevant." *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir. 1984). So too here. Nothing for which Brown sought discovery would have been relevant to the district court's finding of Eleventh Amendment immunity as to CPIC—and that finding turns out to be dispositive. And as for the unknown employees, Brown only argued that his discovery motions would have been helpful for bringing an *Ex parte Young* action against them. But he fails to adequately allege any violation of federal law, and *Ex parte Young* does not apply to mere state law violations. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Nor did the district court err in dismissing Brown's claims asserted against the unknown employees. "As a general matter, fictitious-party pleading is not

6

permitted in federal court." *Richardson*, 598 F.3d at 738. And though we have a "limited exception" to that rule for when the plaintiff still provides some specific description of the defendant, Brown does not reach that standard. *Id.*

## IV.

We have sympathy for Brown's apparent predicament. But because CPIC is an arm of the state, Eleventh Amendment immunity bars him from bringing his claims in federal court. We therefore **AFFIRM** the district court's judgment.